UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GREGORY DUPREE,

                Plaintiff,                      **MEMORANDUM AND ORDER**
                                                        25-CV-00482 (NRM) (TAM)

                -against-

RESORT WORLD CASINO (NYC); DENNIS
JONES; PERTO E. ZAROS; DON JAMES,

                Defendants.
------------------------------------------------------------x
NINA R. MORRISON, United States District Judge.

*Pro s*e Plaintiff Gregory Dupree filed the instant action against Resorts World Casino and three security officers pursuant to 42 U.S.C. § 1983. The Court grants Plaintiff's request to proceed *in forma pauperis*. For the reasons stated below, the complaint is dismissed.

## Background

Plaintiff asserts that on or about March 20, 2023, he was approached by security officers at the Resorts World Casino in Queens, New York and informed that he was seen on surveillance removing a voucher from the floor of the casino. *See* Compl. at 4, ECF No. 1. Plaintiff alleges that he was falsely accused. *See id*. He contends that he was not any shown evidence of the alleged incident. *See id*. at 5. As a result, the Plaintiff asserts that he was "excluded" from the casino for a period of three years. *See id*. Plaintiff seeks monetary damages of $75,000 in actual damages and $100,000 in punitive damages. *See id*. at 5.

## Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted).

## Discussion

42 U.S.C. § 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

To the extent that Plaintiff seeks to allege that Defendants violated his constitutional rights, his claim fails. The Constitution regulates only the conduct of government actors and not that of private parties. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States constitution regulates only the Government, not private parties . . . ." (quoting *United States v. Int'l Bhd. Of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 941 F.2d 1292, 1295 (2d Cir. 1991))). Private conduct, "no matter how discriminatory or wrongful," is generally beyond the reach of § 1983. *American Manufacturers Mutual Insurance Co. v.*

3

*Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)); *cf. Brentwood Academy v. Tenn. Secondary School Athletic Ass'n*, 531 U.S. 288, 295 (2001) ("state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself'" (quoting Jackson v. Metropolitan Edison Co.*,* 419 U.S. 345, 351 (1974))).

Resorts World Casino is a limited liability corporation,[1] and Plaintiff's complaint fails to allege any facts suggesting that Resorts World Casino is a state actor, that its actions are "fairly attributable to the state," or that it violated any of Plaintiff's constitutional rights. *See Cole v. Empire City Casino/MGM*, No. 19-CV-5540 (CM), 2019 WL 2918081, at *2 (S.D.N.Y. July 8, 2019) (noting that MGM Empire City Casino and the security officers employed there are private entities or private parties who are not alleged to work for any state or other government body); *Harley v. Streamlicensing Networks LLC*, No. 18-CV-9528 (CM), 2019 WL 2866563, at *3 (S.D.N.Y. July 3, 2019) (noting that a limited liability corporation is not a state actor).

Moreover, "private security guards generally are not treated as state actors" under Section 1983. *See Cora v. Children & Youth/Sam Inc,* No. 24-CV-6235 (LTS), 2025 WL 104628, at *2 (S.D.N.Y. Jan. 13, 2025); *Bishop v. Toys "R" Us–NY LLC*, 414 F. Supp. 2d 385, 396 (S.D.N.Y. 2006) (PKC) ("The acts of a store security guard generally do not constitute state action for purposes of section 1983."); *Guiducci v.*

---

[1] The Resorts World Casino is operated by Genting New York LLC d/b/a Resorts World New York City, a member of the Genting Group. *See* https://rwnewyork.com/about/ (last visited January 27, 2025).

4

*Kohl's Dep't Stores*, 320 F. Supp. 2d 35, 37–38 (E.D.N.Y. 2004) (TCP) (collecting cases). it is true that private individuals who are not state actors may be liable under Section 1983 if they have conspired with or engaged in joint activity with state actors. *Ciambriello*, 292 F.3d at 323–24 ("[A] private actor acts under color of state law when the private actor is a willful participant in joint activity with the State or its agents." (internal quotation marks omitted)). However, Plaintiff's allegations here do not include any plausible facts from which the Court could reasonably construe a basis to find state action. Thus, because Plaintiff has not sufficiently alleged state action, Plaintiff's Section 1983 claims are not plausible and are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

In light of the Second Circuit's guidance that a *pro se* complaint should not be dismissed without leave to amend unless amendment would be futile, *see Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. While the defects in Plaintiff's claims are substantive, out of an abundance of caution, Plaintiff shall be given the opportunity to file an amended complaint that asserts valid claims under §1983 against persons who are in fact "state actors." Plaintiff is reminded that an amended complaint completely replaces the original, so if Plaintiff chooses to file an Amended Complaint, he must include in the amended complaint all the necessary information to support her claims. The amended complaint should be captioned "Amended Complaint" and bear the same docket number as this Order.

## Conclusion

Plaintiff's complaint, filed *in forma pauperis*, is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). However, Plaintiff will be given leave to file an amended complaint as described in this Order. All further proceedings shall be stayed for 30 days. If Plaintiff fails to file an amended complaint 30 days or fails to assert facts sufficient to state a claim upon which relief may be granted, the Clerk of Court shall be directed to enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status, is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and to note the mailing on the docket.

Plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at (212) 382-4729 to make an appointment for free, confidential, limited-scope legal assistance at the Brooklyn Federal Courthouse.

SO ORDERED.

    /s/ *Nina R. Morrison*
    NINA R. MORRISON
    United States District Judge

Dated: February 7, 2025
    Brooklyn, New York