UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GREGORY DUPREE,

                Plaintiff,

      -against-

THE RESORT WORLD CASINO (NYC) BY
GENTING NEW YORK LLC.; DENNIS
JONES; PERTO E. ZAROS; DON JAMES,

                Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
25-CV-00482 (NRM) (TAM)

NINA R. MORRISON, United States District Judge.

*Pro se* Plaintiff Gregory Dupree filed the instant action against Resorts World Casino and three security officers pursuant to 42 U.S.C. § 1983. By Order dated February 7, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* and dismissed the Complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff was, however, granted leave to file an Amended Complaint. For the reasons stated below, Plaintiff's Amended Complaint filed on March 10, 2025, is dismissed.

## Background

The following facts are taken from Plaintiff's Amended Complaint and assumed to be true for this Memorandum and Order. Plaintiff asserts that on or about March 20, 2023, he was approached by security officers at the Resorts World Casino in Queens, New York, and informed that on March 17, 2023, he was seen on surveillance removing a voucher from the casino's floor. Am. Compl. at 5, ECF No 5. Plaintiff alleges that he was falsely accused. *Id.* As a result, Plaintiff was issued a criminal trespass notice and excluded from the casino for three years. *Id.* at 5, 8. In addition, Plaintiff alleges that he was discriminated against by the Resorts World Casino and its staff. *Id.* at 4. Plaintiff seeks monetary damages.

1

**Standard of Review**

An amended complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the factual contentions are clearly baseless"; or (2) "the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted).

**Discussion**

**I.     Section 1983 Claim**

The claims asserted in Plaintiff's Amended Complaint under 42 U.S.C. § 1983 fail, as he has not alleged plausible facts to suggest that that his constitutional rights were violated by a person acting under the color of state law. A claim for relief under 42 U.S.C. § 1983 must allege facts showing that the defendant acted under the color of a state "statute, ordinance, regulation, custom

or usage." 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

While private parties generally are not state actors, their conduct can be attributed to the state for § 1983 purposes if "(1) the State compelled the conduct [the "compulsion test"], (2) there is a sufficiently close nexus between the State and the private conduct [the "joint action test" or "close nexus test"], or (3) the private conduct consisted of activity that has traditionally been the exclusive prerogative of the state [the "public function test"]." *Hogan v. A.O. Fox Mem'l Hosp.*, 346 F. App'x 627, 629 (2d Cir. 2009) (summary order) (citing *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008)). The "fundamental question under each test is whether the private entity's challenged actions are fairly attributable to the state." *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (internal quotation marks omitted).

Here, Plaintiff names as Defendants Resorts World Casino and three individuals allegedly employed as security guards at the Casino. Plaintiff's Amended Complaint fails to allege any facts suggesting that Resorts World Casino or the Defendant security guards are state actors, that their actions are "fairly attributable to the state," that the Defendants conspired with or engaged in joint activity with state actors, or that they violated any of Plaintiff's constitutional rights. *See Cora v. Children & Youth/Sam Inc,* No. 24-CV-6235 (LTS), 2025 WL 104628, at *2 (S.D.N.Y. Jan. 13, 2025) ("[P]rivate security guards generally are not treated as state actors . . . ."); *Cole v. Empire City Casino/MGM*, No. 19-CV-5540 (CM), 2019 WL 2918081, at *2 (S.D.N.Y. July 8, 2019) (noting that MGM Empire City Casino and the security officers employed there are private entities or private parties who are not alleged to work for any state or other government body).

Accordingly, because Plaintiff has not sufficiently alleged state action, Plaintiff's § 1983 claims are not plausible and are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B); *See Harrison v. New York*, 95 F. Supp. 3d 293, 322 (E.D.N.Y. 2015) ("The conduct of private persons or entities, no matter how discriminatory or wrongful, generally does not constitute state action and therefore cannot form the basis of a Section 1983 claim." (internal quotation marks omitted)).

## II.     Section 1981 Claims

Finally, in deference to Plaintiff's *pro* se status, the Court has considered whether Plaintiff's allegation that he was "discriminated against," *see* Am. Compl. at 3, 4, could state a claim under 42 U.S.C. § 1981, which "provides a remedy against private actors who intentionally discriminate on the basis of race or ethnicity," *Wong v. Yoo*, 649 F. Supp. 2d 34, 68 (E.D.N.Y. 2009). To establish a claim under § 1981, a plaintiff must show that the defendant discriminated against the plaintiff based on race, that the discrimination was intentional, and that the discrimination was a "substantial" or "motivating factor" for the defendant's actions. *Tolbert v. Queens College,* 242 F.3d 58, 69 (2d Cir. 2001).

A plaintiff bringing a § 1981 claim must allege with specificity "circumstances giving rise to a plausible inference of racially discriminatory intent." *Yusuf v. Vassar Coll.*, 35 F.3d 709, 713 (2d Cir. 1994); *see also Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 340 (2020) ("[A] plaintiff must ... prove that, but for race, [he] would not have suffered the loss of a legally protected right."). Conclusory allegations of racially motivated animus are insufficient. *See Hu v. City of New York*, 927 F.3d 81, 101 (2d Cir. 2019) ("[A] plaintiff must allege at least one instance in which he was treated differently from a similarly situated non-minority."). Here, Plaintiff simply states that he was discriminated against and annexes to his Amended Complaint a criminal trespass notice which notes that Plaintiff is "African American." Am. Compl. at 8.

4

Accordingly, Plaintiff's vague assertions of discrimination are not sufficient to suggest an inference of discrimination. *Iqbal*, 556 U.S. at 678–79.

## Conclusion

Plaintiff's Amended Complaint, filed *in forma pauperis*, is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

The Clerk of Court is respectfully directed to enter judgment dismissing the Amended Complaint, closing the action, mailing a copy of this Memorandum and Order and judgment to the *pro se* Plaintiff, while noting the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status, is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

      /s/ *Nina R. Morrison*
      NINA R. MORRISON
      United States District Judge

Dated: Brooklyn, New York
      April 15, 2025